### LAUGHLIN v BLACKBURN et

Ohio Appeals, 9th District, Summit County.

No. 3264. Decided April 17, 1940.

Ferbstein & Sicherman, Akron, for appellee.

E. F. Trunko, Akron, for appellants.

## OPINION

PER CURIAM:

Anderson M. Laughlin recovered a judgment against the defendants Blackburn in the Municipal Court of Akron for damage for breach of the covenant of warranty contained in a real property deed.

After term, a petition and two amended petitions to vacate the judgment were filed by defendants, and upon hearing on the second amended petition the court modified the judgment of plaintiff by reducing the amount thereof, and dismissed defendants' petition to vacate.

After the court had announced its finding on the second amended petition to vacate, but before the finding had been journalized, a demurrer to plaintiff's petition was filed by the defendants, upon the ground that the Municipal Court was without jurisdiction to hear and determine the action. That demurrer was overruled in the entry of judgment.

Appeal on questions of law presents to this court the following assignments of error:

1. Error in refusing to sustain defendants' demurrer.

2. That the judgment is contrary to law and against the weight of the evidence.

In considering the first error assigned, the demurrer, although not seasonably filed, will be treated as though it had been so filed, and we shall proceed immediately to a consideration of the question of the jurisdiction of the Municipal Court.

Our examination of the statutory provisions defining and limiting the jurisdiction of the Municipal Court of Akron, persuades us that the trial court did have jurisdiction to hear and determine the case under consideration. The jurisdiction of that court, as defined by statute, while it expressly

encompasses all of the jurisdiction possessed by justices of the peace, is not limited to such jurisdiction, but is greatly enlarged by statutory enactment.

The action of plaintiff was one for damages for the breach of a contract, and in amount did not exceed the jurisdictional limitation imposed upon the Municipal Court. The fact that the contract was one which properly could have furnished the basis for an action of covenant at common law, does not of itself preclude the Municipal Court from having jurisdiction.

Under the enlarged grant of jurisdiction, that court has authority to act under "All laws conferring power and jurisdiction upon the court of common pleas, * * * unless inconsistent with the jurisdiction· conferred upon said court by this act (§§1579-497 to 1579-549 GC) or clearly inapplicable." Sec. 1579-512 GC.

We find no law inhibiting the Municipal Court of Akron from entertaining jurisdiction in such a case as was here presented. The demurrer was properly overruled.

We find against the claims of the appellants upon the second error assigned, there being no bill of exceptions filed in this case.

Judgment affirmed.

WASHBURN, PJ., DOYLE, J., & STEVENS, J., concur.